UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SHA-HEED RAHMAN,

        Plaintiff,

  -against-           9:10-cv-1496 (LEK/TWD)

BRIAN FISCHER, *et al.*,

        Defendants.

## **DECISION and ORDER**

**I. INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on November 4, 2013, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 68 ("Report-Recommendation"). Judge Dancks reviewed Plaintiff Sha-Heed Rahman's ("Plaintiff") Amended Complaint pursuant to 42 U.S.C. § 1915(e) and recommended that the Court dismiss Plaintiff's claims, excepting the claim that Defendants Connell and Joslyn prevented Plaintiff from accessing water to make ablution in contravention of Plaintiff's First Amendment free exercise rights. See Dkt. Nos. 56 ("Amended Complaint"); Report-Rec. Plaintiff has filed Objections to the Report-Recommendation. Dkt. Nos. 70, 72 (collectively, "Objections"). For the following reasons, the Court accepts and adopts the Report-Recommendation.

**II. BACKGROUND**

The Court presumes the parties' familiarity with the facts of this case. For a complete statement of facts, reference is made to the Complaint, the Report-Recommendation, and the Court's September 2013 Order granting Defendants' Motion to dismiss. Dkt. No. 50 ("September

Order").

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that corrections officers at Mid-State and Oneida Correctional Facilities violated his constitutional rights. See Dkt. No. 1 ("Complaint"). Defendants moved to dismiss; the Court granted the Motion, but allowed Plaintiff leave to amend the Complaint. See Dkt. Nos. 27; Sept. Order. Plaintiff filed an Amended Complaint. The Report-Recommendation recommended that the Court dismiss all but one of Plaintiff's claims—that corrections officers at Oneida Correctional Facility prevented Plaintiff from accessing water to make ablution in the mornings, thereby abridging his right to free exercise of religion under the First Amendment—without leave to amend. See Report-Rec. at 31.

Plaintiff objects to the Report-Recommendation on the following grounds: (1) Defendants violated the terms of a settlement agreement from Rahman v. Goord, No. 04-CV-6368, 2007 WL 1299408 (W.D.N.Y. May 3, 2007); and (2) Defendants' searches of Plaintiff's cell violated state law. See Objs. Although both of Plaintiff's arguments are restatements of previous arguments in his Response to Defendants' Motion to dismiss and his Amended Complaint, and thus do not require the Court to review sections of the Report-Recommendation *de novo*, in light of Plaintiff's *pro se* status the Court will construe them as a motion to reconsider the Court's September Order and review them accordingly. See Dkt. Nos. 30, 56.

## II. LEGAL STANDARD

### A. Review of Report-Recommendation

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

**B. Motion for Reconsideration**

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). "Generally, the prevailing rule in the Northern District 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" Sumner v. McCall, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.) (quoting In re C-TC 9th Ave. P'ship, 182 B.R.

3

1, 3 (N.D.N.Y. 1995)).

**IV.     DISCUSSION**

**A.  Report-Recommendation**

Because Plaintiff's Objections challenge the Report-Recommendation only on grounds previously addressed in the Court's September Order, the Court reviews the Report-Recommendation for clear error and finds none.  Accordingly, the Court adopts and accepts the Report-Recommendation.

**B.  Motion for Reconsideration**

Courts dismiss claims for several reasons.  Sometimes, a claim is dismissed because the Court finds that the stated facts provide no basis for recovery under the law.  Other times, even though a claim might be meritorious, a court must dismiss a claim because it lacks jurisdiction—for example, when the Plaintiff files a claim in a federal court instead of a state court.  When a court dismisses a claim on jurisdictional grounds, it does so *without prejudice*, meaning that the plaintiff can re-file her claims in a court with jurisdiction.

In the September Order, the Court dismissed Plaintiff's claims on jurisdictional grounds.  A settlement agreement is a contract, see Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002), and therefore must be enforced in a state-law breach of contract action unless there is a separate ground for federal jurisdiction; the fact that the agreement was made to end a federal-court lawsuit is not enough.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 381-82 (1994). There is no indication in the record that the Rahman v. Goord settlement agreement contained a term that would allow a federal court to enforce it, nor is there any other grant of federal-court jurisdiction.  Because federal courts may decide cases only when there is a specific

grant of jurisdiction, see U.S. CONST. art. III, § 2, the Court necessarily dismissed the claims arising out of the interpretation of the settlement agreement. See Sept. Order. If Plaintiff wishes to adjudicate an alleged violation of the settlement agreement, he should instead file a claim in state court.

Likewise, for all of the reasons explained in the September Order and the Report-Recommendation, the Court lacks jurisdiction to hear Plaintiff's claim that the search of his cell violated state law. See Report-Rec.; Sept. Order. In an attempt to maintain jurisdiction, the September Order and the Report-Recommendation examined whether there was a separate constitutional basis for the alleged state-law violation, and found none. Therefore, the Court dismissed the claims in the Complaint for lack of subject-matter jurisdiction, and Magistrate Judge Dancks again recommended dismissal of the claims in the Amended Complaint.[1]

Neither does supplemental jurisdiction pursuant to 28 U.S.C. § 1367 provide any basis for maintaining jurisdiction over Plaintiff's claims. Supplemental jurisdiction requires that the anchoring federal claim and the pendent state-law claims "form part of the same case or controversy." 28 U.S.C. § 1367. In other words, the claims must "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Here, the surviving federal claim, the denial of access to water at Oneida Correctional Facility, and the additional state-law claims, the search of Plaintiff's cell in contravention of state regulations and the breach of the settlement agreement at Mid-State Correctional Facility, do not arise from a common nucleus of operative fact. They occurred in different locations, involved different Defendants, and

---

[1] The Court makes no determination as to the merits of Plaintiffs' state law claims. The Court only seeks to resolve Plaintiff's apparent confusion as to why the Court will not decide the claims on the merits.

require litigation of non-overlapping facts. Therefore, there is no basis for the Court to exercise supplemental jurisdiction.

For the above reasons, the Court denies the relief requested in the Objections to the extent that they seek reconsideration of the September Order.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 68) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED**, that the following claims are **DISMISSED with prejudice and without leave to amend**: (1) the claim regarding Shiite classes, books and a locker to the extent that it seeks relief on First Amendment grounds; (2) the claim regarding denial of non-religious programming to the extent that it claims on grounds other than breach of the settlement agreement; (3) the claim regarding Plaintiff's transfer from Mid-State Correctional Facility to Oneida Correctional Facility to the extent that it claims on grounds other than breach of the settlement agreement; (4) the claims regarding the cell search, misbehavior report, and disciplinary hearing to the extent that they seek relief on Fourth and Fourteenth Amendment grounds; and (5) the claim regarding the use of the sink to the extent that it claims under the Religious Land Use and Institutionalized Persons Act; and it is further

**ORDERED**, that to the extent that Amended Complaint attempted to re-allege claims for (1) breach of the settlement agreement; and (2) violation of state regulations governing cell searches, misbehavior reports, and disciplinary hearings, those claims are **DISMISSED without prejudice and without leave to amend**; and it is further

**ORDERED**, that Plaintiff's First Amendment claim regarding his use of the sink to make ablution may proceed. Defendants Connell and Joslyn shall respond to this claim in accordance with the Local Rules; and it is further

**ORDERED**, that Defendants Brian Fischer, Kenneth S. Perlman, Hulihan, K. Phillips, Imam Monteiro, Adamik, Sharrow, and Albert Prack are **DISMISSED** from this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED: February 20, 2014
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge